IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN DORTHICK, ) | |
| ) | |
| Petitioner, ) | No. C 06-4860 CRB (PR) |
| ) | |
| vs. ) | ORDER DENYING MOTION |
| ) | TO DISMISS |
| JAMES HAMLET, Warden, ) | |
| ) | (Doc # 4) |
| Respondent. ) | |
| ) | |

       Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California ("CTF"), filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Prison Terms' ("BPT") September 24, 2002 decision finding him not suitable for parole. According to petitioner, the BPT's decision was not supported by some evidence and the board used sentencing guidelines not in place at the time of his conviction, in violation of the Ex Post Facto and Due Process Clauses.

       Per order filed on December 5, 2006, the court found that petitioner's claims appeared cognizable under § 2254, when liberally construed, and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent instead filed a motion to dismiss the petition on the ground that it is untimely. Petitioner filed an opposition. Respondent did not file a reply.

## BACKGROUND

On September 24, 2002, petitioner appeared before the BPT for a subsequent parole consideration hearing. The panel issued a split decision, and the matter was referred for an en banc hearing. The BPT, sitting en banc, found petitioner unsuitable for parole and denied parole consideration for one year. Petitioner appealed to the BPT's Appeals Unit, which on August 12, 2003 denied the appeal.

On August 25, 2003, petitioner filed a petition for a writ of habeas corpus in state superior court. It was denied on February 27, 2004.

On June 3, 2004, petitioner filed a petition for a writ of habeas corpus in the state court of appeal. It was denied on June 11, 2004.

On December 2, 2004, petitioner filed a petition for a writ of habeas corpus in the Supreme Court of California. It was denied on December 14, 2005.

On July 27, 2006, petitioner filed the instant federal petition for a writ of habeas corpus under 28 U.S.C. § 2254.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; © the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made

retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  Id. § 2244(d)(2).

Section 2244's one-year limitation period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges a pertinent administrative decision rather than a state court judgment.  Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)).  For prisoners challenging administrative decisions such as parole unsuitability, as is the case here, § 2244(d)(1)(D) applies and the one-year limitation period begins to run on the date the administrative decision becomes final.  See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitation period began to run when BPT denied prisoner's administrative appeal challenging BPT's decision that he was unsuitable for parole).  The "factual predicate" of the habeas claims is the administrative appeal board's denial of the administrative appeal; it is not the denial of the state habeas petition.  Id. at 1082.

Here, the "factual predicate" of petitioner's claims was the BPT's Appeals Unit's final decision rejecting petitioner's appeal on August 12, 2003.  See Shelby, 391 F.3d at 1066.  Section 2244(d)'s one-year limitation period accordingly began running against petitioner the next day, August 13, 2003.  It ran uninterrupted for 13 days until petitioner began seeking habeas relief in the state courts on August 25, 2003.

Ordinarily, the one-year limitation period is tolled under § 2244(d) (2) from the time a California prisoner files his first state habeas petition until the Supreme Court of California rejects his final collateral challenge.  Carey v.

Saffold, 536 U.S. 214, 219-20 (2006). Here, that would mean that the limitation period would toll from August 25, 2003, when petitioner filed his first state habeas petition in state superior court, to December 14, 2005, when the Supreme Court of California denied his final petition. See Redd, 343 F.3d at 1084 (prisoner challenging administrative decision receives statutory tolling under § 2244(d)(2) for the period when state habeas petitions are pending).[1] However, the Supreme Court has clarified that "only a timely appeal tolls AEDPA's 1-year limitations period," and that in California, where a petitioner must file a petition at the next level of review within a reasonable time, "'unreasonable' delays are not timely." Evans v. Chavis, 126 S. Ct. 846, 852 (2006) (emphasis in original). Federal courts must conduct a case-by-case determination of whether the subject filing delay "was made within what California would consider 'a reasonable time.'" Id. at 853-54.

In Chavis, there was an unexplained six-month delay between the petitioner's California Court of Appeal habeas denial and his subsequent petition to the Supreme Court of California. The Court held that "[s]ix months is far longer than the short periods of time, 30 to 60 days, that most States provide for filing an appeal to the state supreme court. It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court. We have found no authority suggesting, nor found any convincing reasons to believe, that California would consider an unjustified or unexplained 6-month delay reasonable." Id. at 854 (citations and internal quotation marks omitted).

/

---

[1] The Supreme Court of California's December 14, 2005 order denying the petition was final on filing. See Cal. Rule of Court 29.4(b)(2).

4

Here, petitioner waited 97 days after his first state habeas petition was denied to file his second state habeas petition in the California Court of Appeal. He also waited 174 days after his second petition was denied to file his final petition in the Supreme Court of California. Under the rationale of Chavis, these unexplained, and hence unjustified, delays must be found to be unreasonable. Accord Culver v. Director of Corrections, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (finding delays of 97 and 71 days unreasonable under Chavis).

Petitioner is entitled to tolling under § 2244(d)(2) for the periods during which his state habeas petitions were pending in the state courts; the 97 day interval between petitioner's first and second state petitions, and the 174 day interval between petitioner's second and final state petitions, cannot be tolled under § 2244(d)(2), however. See id.

In sum, the one-year limitation period ran during the 13 days before petitioner filed his first state habeas petition, and during the 97 and 174 day intervals between petitioner's filing of his state habeas petitions. This means that when the Supreme Court of California denied petitioner's final petition on December 14, 2005, the one-year limitation period had already run 284 days and petitioner had only 81 days left to file a federal petition on time. He did not do so until July 27, 2006. The instant federal petition is untimely.

Petitioner claims he is entitled to equitable tolling of the limitation period because he "did not receive notice of affirmation of the [state] court of appeals from the [state] high court directly, but from his attorney of record (since dismissed), who himself wasn't aware of the high court's action until well into June of 2006." Pet'r Opp'n at 2.

Although the Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations," Pace v.

5

DiGuglielmo, 544 U.S. 408, 418 n.8 (2005), the Ninth Circuit has decided that the one-year limitation period may be equitably tolled. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

Equitable tolling is applicable only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Roy v. Lampert, 455 F.3d 945, 950 (9th Cir. 2006) (quoting Beeler, 128 F.3d at 1288). The prisoner "must show that the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). He must also show that he has been "pursuing his rights diligently" and that "some extraordinary circumstance stood in his way." Roy, 455 F.3d at 950 (quoting Pace, 544 U.S. at 418). Equitable tolling is justified in few cases. Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule. Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

The undisputed facts in the record show that petitioner's counsel filed a habeas petition in the state supreme court on December 2, 2004. The court denied the petition on December 14, 2005, but failed to notify counsel of the decision despite his being listed as attorney of record on the filing. It was not until June 9, 2006, that counsel, while reviewing the state supreme court's website, learned that petitioner's case had been decided on December 14, 2005 and that counsel's name and address did not appear on the docket. Counsel informed petitioner that he had just learned that the petition had been denied in December 2005, and petitioner, who was also unaware of such decision, promptly prepared and filed a pro se federal petition on July 27, 2006.

The state supreme court's failure to notify counsel that the petition was denied on December 14, 2005 was an extraordinary circumstance beyond petitioner's control.  It is true that counsel could have checked the status of the petition earlier that he did, and that a more careful lawyer probably would have checked earlier than a year and a half after filing, as counsel here did.  It is also true that routine instances of attorney negligence do not constitute extraordinary circumstances that require equitable tolling.  See Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007); Stillman v. Lamarque, 319 F.3d 1199, 1203 (9th Cir. 2003); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).  Had counsel checked the status of the petition only a few months earlier, he could have notified petitioner in time to file a federal habeas petition before the one-year limitation expired.  However, the fact remains that counsel reasonably relied on the supreme court to notify him at the address listed on his filing when a decision was rendered.

Even if petitioner's counsel acted negligently, petitioner is entitled to equitable tolling.  "One event may have multiple causes.  If [petitioner's] late filing was caused both by [petitioner's] lawyer's negligence and [the state supreme court's error], [petitioner] still is entitled to equitable tolling, since [the state supreme court's error] proximately caused the late filing." Stillman, 319 F.3d at 1203 (emphasis in original).

Petitioner is entitled to equitable tolling from the date the state supreme court denied his petition, December 14, 2005, to the date his counsel learned of the denial, June 9, 2006.  On June 9, 2006, petitioner had 81 days left to file a federal petition on time.  He filed his federal petition on July 27, 2006.  The petition is timely.

/

/

7

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss the petition as untimely (doc # 4) is DENIED.

Within 60 days of this order, respondent shall file an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

SO ORDERED.

DATED: May 14, 2007

CHARLES R. BREYER
United States District Judge